UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUKE T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-5697-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits.[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the longitudinal record, including medical opinions, Plaintiff's testimony, and lay witness evidence. (Dkt. # 12.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1981, has a high school education, and last worked as a chef and sous chef. AR at 256. Plaintiff was last gainfully employed in March 2018. *Id.* at 247.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

In July 2018, Plaintiff applied for benefits, alleging disability as of March 2018. AR at 244. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in July 2022, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 244-57.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of depression and anxiety and the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with some exceptions: he can understand, remember, and perform simple instructions and detailed tasks, but not complex tasks; can have occasional contact with the general public, coworkers, and supervisors; and can perform work involving occasional changes in work routine and setting. AR at 247, 249.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 241-43. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

//

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Evaluating Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.   David Morgan, Ph.D., and Holly Petaja, Ph.D.

In July 2018, Dr. Morgan indicated that Plaintiff experienced moderate to marked anxiety, depression, and emotional instability on a daily basis, noting that Plaintiff was anxious on exam. AR at 1049-51. Dr. Morgan also reported that Plaintiff had marked limitations in several areas related to work and daily activities, and moderate limitations in others. *Id.* In August 2018, Dr. Petaja affirmed the limitations assessed by Dr. Morgan and opined that a duration of 12 months was reasonable in light of the medical evidence. *Id.* at 1283. The ALJ

ORDER - 3

found these opinions unpersuasive, citing a lack of support and inconsistency with objective medical evidence and Plaintiff's daily activities. *Id.* at 255.

Plaintiff argues the opinions are consistent with and supported by his need for multiple intensive psychiatric interventions. (Dkt. # 12 at 4.) While Plaintiff acknowledges Dr. Morgan did not provide many clinical findings to support his assessment, he emphasizes that Dr. Morgan was aware of Plaintiff's psychiatric hospitalization four months prior, and of his current residence at a subacute psychiatric facility. (*Id.*) This argument does not establish error. The ALJ considered Plaintiff's hospitalizations for suicidal ideation, alcohol detoxification, and residential substance use treatment; but noted that the severe limitations Dr. Morgan opined were contradicted by the fact that Plaintiff had no additional psychiatric hospitalizations after August 2018. AR at 250 (citing *e.g.*, *id.* at 640, 835, 912, 1000). Moreover, the ALJ found the opinions inconsistent with the longitudinal record, which generally documented normal attention, concentration, and memory; cooperative interactions with providers; fair to good insight and judgment; reports of improvements in symptoms and functioning; and reports of medications helping. *Id.* at 255 (citing, *e.g.*, *id.* at 913, 916, 1002, 1115, 1458, 1462, 1497, 1499, 1528, 1535, 1621, 1633, 1645, 1656, 1702, 1855, 2013, 2086). An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *see also Woods*, 32 F.4th at 793 (affirming that opinion was unpersuasive because it conflicted with normal mental exam findings). As these reasons are unchallenged and the ALJ's characterization is reasonable, the Court must uphold it. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

Next, Plaintiff argues the ALJ mischaracterized his activities. (Dkt. # 12 at 4.) The ALJ determined that Plaintiff's activities were inconsistent with the severe limitations assessed by

ORDER - 4

Drs. Morgan and Petaja. AR at 255. An ALJ may draw reasonable inferences from evidence of activities that contradict claims of a debilitating impairment. *Molina*, 674 F.3d at 1113. The ALJ found Plaintiff's allegations inconsistent with activities such as serving as an assistant manager at the sober living facility where he lived, mentoring people, running errands, doing chores, and participating in hobbies and social activities. *See*, *e.g.*, *id.* at 282-83, 566-75, 1594, 1621, 1633, 1635, 1646, 1656, 1674, 1676, 1684, 1746, 1924, 2011, 2074, 2111, 2125, 2140, 2148, 2167, 2183, 2193, 2219, 2225, 2240. While Plaintiff asks the Court to reach a different conclusion than the ALJ, he does not articulate an error in the ALJ's reasoning. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of daily activities was susceptible to more than one rational interpretation).

        2.        *Other Medical Evidence and Administrative Findings*

Plaintiff dedicates several pages to listing medical findings before asserting they support his alleged limitations. (Dkt. # 12 at 4-10.) This argument, which is merely a summary of facts without any supporting analysis or reference to case law, does not establish harmful error. *See Putz v. Kijakazi*, 2022 WL 6943095, at * 2 (9th Cir. Oct. 12, 2022). None of these summarized findings undermine the ALJ's determination that, after August 2018, Plaintiff did not require psychiatric hospitalizations. Nor do they contradict the ALJ's assessment of the longitudinal record. Bare assertions and lists of facts, without analysis, do not meet the requirement that Plaintiff present his contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). "[A] bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d at 925, 929-30 (9th Cir. 2003).

Plaintiff also disputes the ALJ's decision to give only partial weight to the non-examining medical opinions of Matthew Comrie, Psy.D., and John D. Gilbert, Ph.D., arguing the ALJ did not state any legitimate reasons for rejecting the assessment that Plaintiff

ORDER - 5

has moderate mental functional limitations and is limited to superficial contact with the public. (Dkt. # 12 at 11.) Here, the ALJ found Drs. Comrie and Gilbert's opinions partially persuasive. AR at 254-55. The ALJ found the doctors' opinions consistent with observations in the record of normal concentration and memory, improvement with treatment, and activities of daily living. The ALJ determined this was consistent with limiting Plaintiff to simple and complex tasks, limited interaction, and limited changes in routine. *Id.* Without more, Plaintiff's conclusory argument does not show error in the ALJ's decision. The ALJ is not required to wholesale adopt all limitations from a medical opinion that is found persuasive. *See Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989). Since Plaintiff's argument does not address the ALJ's reasoning, the Court affirms the ALJ's decision on this matter.

### 3. Appeals Council Evidence

Plaintiff contends evidence he submitted to the Appeals Council after the ALJ's decision supported Plaintiff's claims regarding his mental impairments and undermined the ALJ's decision. (Dkt. # 12 at 12.) Plaintiff asserts that a reasonable ALJ "could have reached a different disability determination." (*Id.*) Specifically, Plaintiff submitted records from January 2023, which report that Plaintiff was psychiatrically hospitalized and discharged six days later. AR at 35. When additional evidence is submitted for the first time to the Appeals Council, the Court must consider whether the ALJ's decision remains supported by substantial evidence in light of the new evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). In this context, Plaintiff bears the burden to "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted).

ORDER - 6

The Court finds that Plaintiff has not shown that the additional evidence deprives the ALJ's decision of substantial evidentiary support. First, because the evidence was issued after the ALJ's decision, it is less persuasive. *See*, *e.g.*, *John R. v. Comm'r of Soc. Sec.*, 2020 WL 1819869, at *6 (W.D. Wash. Apr. 10, 2020), *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996), *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). Second, Plaintiff merely suggests that a reasonable ALJ who reviewed the evidence "could" have reached a different decision. (Dkt. # 12 at 12.) However, just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original). Third, the reasons the ALJ gave for rejecting Drs. Morgan and Petaja's opinions apply with equal force to the additional evidence. *See*, *e.g.*, *Hoyt v. Colvin*, 607 F. App'x 692, 693 (9th Cir. 2015), *John R.*, 2020 WL 1819869, at *6, *Brewes*, 682 F.3d at 1161-63. The fact that Plaintiff was psychiatrically hospitalized in January 2023 does not contradict the ALJ's finding that Plaintiff showed improvement and was not hospitalized after August 2018 during the relevant period. Because Plaintiff has not shown that the additional evidence has a reasonable possibility of changing the outcome, remand is unnecessary.

**B.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and discounted them because his testimony was inconsistent with the longitudinal record. AR 250-53. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony.").

ORDER - 7

Plaintiff argues that the ALJ failed to give legally sufficient reasons for rejecting his testimony for three reasons. (Dkt. # 12 at 12-17.) First, Plaintiff broadly contends that the ALJ failed to properly evaluate the objective medical evidence and that the record is consistent with limiting him to sedentary work. (*Id.* at 13.) This argument is unavailing because, as previously explained, the ALJ did not err in evaluating the objective medical evidence.

Second, Plaintiff contends none of the ALJ's selective citations to the record are inconsistent with his testimony. (Dkt. # 12 at 13.) Without more, this argument fails to establish error in the ALJ's decision. The ALJ acknowledged that Plaintiff had the severe impairments of anxiety and depression but concluded Plaintiff's ability to stay active and manage his symptoms (AR at 1621, 1633, 1645, 1656), improvement with treatment (*id.* at 1115, 1462, 1497, 1499, 1528, 1535, 1702, 1855), largely normal attention and concentration (*id.* at 913, 916, 1002, 1458, 2013, 2086), and mostly appropriate interactions with providers (*id.* at 1570-1859, 1952-2262) did not support the severe limitations Plaintiff alleged. *Id.* at 250-53. Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject a claimant's allegations. *See*, *e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Plaintiff's argument does not identify an error in the ALJ's evaluation. Although the ALJ's interpretation may not be the only one, it is rational and must therefore be upheld. *Smartt*, 53 F.4th at 499.

Third, Plaintiff argues the activities the ALJ relied on were not valid indicators of his ability to work and were consistent with his testimony. (Dkt. # 12 at 13-14.) The ALJ discussed Plaintiff's activities and found them inconsistent with the severe limitations Plaintiff alleged. AR 250-53. The records show Plaintiff reported that he did not have mental difficulties with managing personal hygiene, doing house and yard work, traveling alone, shopping in stores, attending groups, and going

ORDER - 8

to church and community centers. *Id.* at 566-75. Plaintiff also testified that he mentored newcomers at the sober living facility he lived at, and that he was put into this position because he worked well with new people. *Id.* at 277-97. He indicated that he drove errands for the living facility, went to a Feed the Hungry park event, grilled food at social events, served food at a picnic for people in need, hiked with housemates, cooked at church events, ushered at his church, played drums in a church worship band, cooked five course meals several times a week, considered starting a food truck business, and planned to start a meal planning service. *Id.* at 1594, 1621, 1633, 1635, 1646, 1656, 1674, 1676, 1684, 1746, 1924, 2011, 2074, 2111, 2125, 2140, 2148, 2167, 2183, 2193, 2219, 2225, 2240. The ALJ reasonably found these activities inconsistent with Plaintiff's claims of total incapacity.

An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony. *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's conclusory challenge does not establish the ALJ erred in evaluating his activities of daily living; it simply asks the Court to adopt a more favorable interpretation. Even if the evidence is susceptible to more than one rational interpretation, the Court cannot say that the ALJ's interpretation was unreasonable. *See Burch*, 400 F.3d at 679; *see also Molina*, 674 F.3d at 1112-1113.

In sum, the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony, highlighting inconsistencies through a discussion of the objective medical evidence and daily activities. Each of Plaintiff's arguments against the ALJ's findings – misevaluation of the medical opinions, selective summarization of the longitudinal record, and daily activities – fails to demonstrate error. The ALJ's interpretation of the record evidence was rational and supported by substantial evidence. The Court thus affirms the ALJ's decision on this matter.

C.     **The ALJ Did Not Err in Evaluating Lay Witness Statement**

Plaintiff's acquaintance, T.F., testified that Plaintiff's ability to engage in activities varied greatly depending on his mood. AR at 293-94. The ALJ found that Plaintiff's activities did not support the severe limitations T.F. opined. *Id.* at 253. Plaintiff argues the ALJ erred in evaluating his activities. (Dkt. # 12 at 17-18.) The Court has already found the ALJ did not err in evaluating several medical opinions and Plaintiff's testimony based upon this rationale. *See Molina*, 674 F.3d at 1117; *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because ALJ properly rejected plaintiff's testimony, which lay witness testimony echoed, the ALJ necessarily gave germane reasons to dismiss the lay witness testimony). The ALJ accordingly did not err in rejecting T.F.'s testimony for the same reasons.

D.     **Substantial Evidence Supports the ALJ's RFC and Step Five Findings**

Plaintiff argues the ALJ erred in his assessment of Plaintiff's RFC because he failed to include all of the limitations described in the medical opinions, his testimony, and the lay witness statement. (Dkt. # 12 at 18-19.) This argument fails to establish error because the ALJ properly evaluated this evidence, as the Court discussed above. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

V.     **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 14th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10